```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

DONNELL ROBERTS,

      Plaintiff,

vs.                             No. 06-2823-JDB/sta

CITY OF MEMPHIS, et al.,

      Defendants.

```
    ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
                 ORDER ASSESSING FILING FEE
       ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
                      ORDER OF DISMISSAL
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                 NOTICE OF APPELLATE FILING FEE
```

Plaintiff Donnell Roberts, Booking number 06121397, who is confined at the Shelby County Criminal Justice Complex ("Jail"), Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 on December 5, 2006. The Clerk shall record Defendants as the City of Memphis,[1] Shelby County, and Bill Gibbons.

---

[1] Roberts named the Memphis Police Department as a Defendant. As governmental departments are not suable entities, the Court construes the complaint as naming the City of Memphis as the Defendant. See generally Hafer v. Melo, 502 U. S. 21 (1991).

I.  <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. It is ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly

payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison.  The obligation to pay this filing fee shall continue despite the immediate dismissal of this case.   28 U.S.C. §

1915(e)(2).  The Clerk shall not issue process or serve any papers in this case.

II.  Order Denying Motion for Appointment of Counsel

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant.  See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).  Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06.

In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself.  See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").  As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some

4

likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2]

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

III. Analysis of Plaintiff's Claims

Roberts alleges that Memphis Police Officers and the Shelby County District Attorney's office used a suspect manner of photo identification to arrest, charge, and prosecute him for aggravated robbery. He contends that he has been defamed and his character and reputation destroyed. Plaintiff seeks an investigation into the actions of Defendants, an apology from them, and monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

 (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Plaintiff's complaint is subject to dismissal in its entirety.

A local governmental entity, such as a city or county, "is not vicariously liable under § 1983 for the constitutional torts of its

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

agents:  It is only liable when it can be fairly said that the [county] itself is the wrongdoer."  Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992).  See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691  (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

In this case, it is clear from the complaint that Plaintiff relies entirely on the fact that he was arrested by City police officers and prosecuted by Shelby County as the basis for his claim that the City of Memphis and Shelby County are violating his civil rights.  None of the facts alleged supports an inference that he was

harmed by an unconstitutional custom or policy of the City of Memphis or Shelby County.

Roberts has no claim against the Assistant District Attorney for the manner in which he was prosecuted. The District Attorney's actions in initiating Plaintiff's prosecution or presenting the State's case are all obviously court-related activities, for which the prosecutors are protected by absolute immunity. See Burns v. Reed, 500 U.S. 478, 490-492 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976); Grant v. Hollenbach, 870 F.2d 1135, 1137 (6th Cir. 1989); Jones v. Shankland, 800 F.2d 77, 80 (6th Cir. 1986).

Furthermore, the complaint contains no factual allegations of any action by Shelby County District Attorney Bill Gibbons. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Furthermore, there is no respondeat superior liability under § 1983. Monell, 436 U.S. at 691; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that Plaintiff relies entirely on the supervisory capacity of District Attorney Gibbons over the District Attorney's office as the sole basis for any claim that he violated Plaintiff's rights.

In any event, Plaintiff has no claim under 42 U.S.C. § 1983 arising out of his arrest and pending prosecution.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See also Schilling v. White, 58 F.3d 1081, 1086 (1995)(footnotes omitted). Thus a prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any conviction is set aside or the confinement is declared illegal. Heck, 512 U.S. at 481-82; Schilling, 58 F.3d at 1086. Cf. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, Heck applies to bar Plaintiff's claims arising from his arrest and pending criminal prosecution. Plaintiff has not yet been

8

to trial. His claims will accrue if he is found not guilty. If Roberts is convicted, he must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

Furthermore, Plaintiff cannot complain about state court decisions in a collateral proceeding in federal court. This would amount to obtaining review in this Court of the decision of a Tennessee court. Any claim or defense arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

Insofar as the complaint could be construed as seeking some type of injunction against a state court, the Anti-Injunction Act

9

specifically prohibits this Court from issuing such an injunction. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Thus, this Court either lacks jurisdiction or must abstain from exercising any jurisdiction over Plaintiff's claim for relief from the state judgment.

The Court expressly declines to address the complaint as a habeas petition because Roberts does not demonstrate that he has exhausted his state remedies. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See, e.g., Granberry v. Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). See also Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. Preiser, 411 U.S. at 477, 489-90. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Therefore, this complaint seeks to assert claims which fail to state a claim upon which relief may be granted and claims barred by absolute immunity. The complaint is DISMISSED pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and (iii), 28 U.S.C. § 1915A(b), and Fed. R. Civ. P. 12(h)(3).

IV.   Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as devoid of jurisdiction compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[3] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.

---

[3]   The appellate filing fee is $455.

Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, the dismissal of this complaint for failure to state a claim counts as a strike.

IT IS SO ORDERED this 7th day of August, 2007.

                                      s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE